UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULVINDER SINGH,<br><br>            Plaintiff,<br><br>      v.<br><br>JOVITA CARRANZA, Administrator,<br>U.S. Small Business Administration,<br><br>            Defendant. | No.  2:19-cv-01692-KJN PS<br><br>ORDER ON PARTIES' MOTIONS,<br>RESETTING HEARING DATE, AND<br>SETTING DEADLINES<br><br>(ECF No. 34, 41) |

After further review of the parties' submissions, and in order to help create a record and further clarify the issues before the court, the court's prior order (ECF No. 43), resetting the hearing date for multiple motions before the court is VACATED and replaced as follows.  The new hearing date shall be November 12, 2020, before the undersigned.[1]

**BACKGROUND**

On July 20, 2020, the parties agreed to a settlement conference before the Honorable Carolyn Delaney, to be held on November 10, 2020.  (ECF No. 29.)  Following this agreement, on August 20, 2020, defendant filed a motion for summary judgment.  (ECF No. 32.)  On September 3, 2020, plaintiff filed a timely opposition to defendant's motion and also filed a motion for leave to file an amended complaint.  (ECF Nos. 33, 34.)  On the court's own motion,

---

[1] Both parties voluntarily consented to proceed before a United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).  (ECF Nos. 23, 24.)

1

the hearing dates were consolidated for defendant's motion for summary judgment and plaintiff's motion to amend to be heard together.  (ECF No. 35.)  These motions were to be heard on October 8, 2020.  (Id.)  Defendant subsequently opposed plaintiff's motion to amend his complaint.  (ECF No. 37.)  Due to the previously mentioned settlement conference, plaintiff filed a request to continue the October 8, 2020 hearing until after the conference, which the court granted.  (ECF Nos. 39, 40.)  Defendant then filed a motion to modify the schedule and stay discovery, asserting that neither discovery nor the settlement conference would serve a purpose prior to the court ruling on the pending motion for summary judgment.  (ECF No. 41.)  The court, again, modified the hearing date, setting the new hearing prior to the settlement conference, October 22, 2020.  (ECF No. 43.)

**DISCUSSION**

The court's intention in consolidating the parties' respective motion to amend and motion for summary judgment was to assist in judiciously determining these matters, as the issue of whether to grant leave to amend is inextricably intertwined to both motions.  However, upon review of plaintiff's motion to amend, it is facially insufficient.  Pursuant to Local Rule, "[i]f filing a document requires leave of court, such as an amended complaint, . . . counsel shall attach the document proposed to be filed as an exhibit to moving papers seeking such leave and lodge a proposed order as required by these Rules."  Local Rule 137(c).  Failure to comply with Local Rule 137(c) is grounds for denial of a motion to amend.  See Herrera v. California Highway Patrol, 2017 WL 590244, at *2 (E.D. Cal. Feb. 14, 2017) ("When a party fails to comply with Local Rule 137(c), the party's request should be denied.").  Beyond being a mere technicality, plaintiff's failure to attach the proposed complaint prevents the court from assessing the strength of the new claim and therefore precludes the court from determining whether leave to amend should be granted.  Instead, the court presently has before it solely plaintiff's motion, which states his intention of bringing a 42 USC § 1981 claim against a new defendant and includes plaintiff's summation of an Eleventh Circuit case, which is essentially plaintiff's entire legal argument.  (See ECF No. 34.)  This is insufficient.  Accordingly, plaintiff's motion to amend is DENIED.

While the court denies plaintiff's motion, he is permitted to file an amended motion, in

compliance with Local Rule 137(c), as set forth below.  Additionally, while plaintiff is allowed to renew this motion, this order is not an invitation to file a supplemental opposition to defendant's motion for summary judgment.

As to defendant's motion to modify the scheduling order and stay discovery, this motion will be GRANTED IN PART until the pending motions, for summary judgment and to amend, are decided, and to permit plaintiff to respond.

Regarding defendant's request to stay discovery, pursuant to Rule 56(d)(2), a court may give the party opposing summary judgment time to take discovery if the party makes "(a) a timely application which (b) specifically identifies (c) relevant information, (d) where there is some basis for believing that the information sought actually exists." Emp'rs Teamsters Local Nos. 175 and 505 Pension Trust Fund v. Clorox Co., 353 F.3d 1125, 1129 (9th Cir. 2004) (quoting VISA Int'l Serv. Ass'n v. Bankcard Holders of Am., 784 F.2d 1472, 1475 (9th Cir. 1986)).  "The burden is on the party seeking additional discovery to proffer sufficient facts to show that the evidence sought exists, and that it would prevent summary judgment." Chance v. Pac-Tel Teletrac Inc., 242 F.3d 1151, 1161 n.6 (9th Cir. 2001).  "The district court does not abuse its discretion by denying further discovery if the movant has failed diligently to pursue discovery in the past, or if the movant fails to show how the information sought would preclude summary judgment." Cal. Union Ins. Co. v. Am. Diversified Sav. Bank, 914 F.2d 1271, 1278 (9th Cir. 1990).

Here, plaintiff has not met his burden.  In his opposition to defendant's motion for summary judgment, plaintiff does not show how any additional information would prevent summary judgment, what that information would be, and how that information would be relevant.  Rather, plaintiff's opposition generally appears to be an argument as to why the statute of limitations was tolled, and the facts necessary for that determination appear to be undisputed.  (See ECF No. 33 at 2 ("There is good cause to allow for equitable tolling of the statute of limitations[.]").)  Accordingly, there exists no good cause as to why discovery should remain open while defendant's motion for summary judgment is pending.  However, plaintiff shall be allowed to respond as set forth below.

Similarly, the court finds that any settlement conference would likely be futile while the motion for summary judgment is pending. While the court is concerned as to why defendant would agree to a settlement conference knowing it intended to file a motion for summary judgment one month later, there is little incentive for defendant to attend such a conference while a motion for summary judgment is pending.

Due to the court's orders herein, and the timeline that it would require, the court will again reschedule the hearing on defendant's motion for summary judgment. (ECF No. 32.) The new hearing is set for November 12, 2020, at 10:00 a.m., before the undersigned. If plaintiff wishes to renew his motion to amend, it is to be filed by October 15, 2020. Similarly, if plaintiff wishes to address why additional discovery is necessary or why the parties should attend a settlement conference, such filings are to be received by October 15, 2020. The parties can oppose and reply to these motions in accordance with Local Rule 230(c), those deadlines are October 29, 2020, and November 5, 2020, respectively.

Finally, the court is cognizant of defendant's assertions that plaintiff is attempting to delay and obfuscate in this matter. (See ECF No. 41.) The court is concerned that plaintiff's tactics have indeed been aimed at intentional delay intended to preclude the court's decision. While the court will not impose any sanctions, at this time, the parties are reminded that if the court determines either are acting in bad faith, the full range of sanctions, including striking pleadings, attorneys' fees, and dismissal are open to the court. Similarly, the court will look with disfavor on plaintiff if he files any frivolous motions, or files an additional request to delay the hearing. Plaintiff is strongly encouraged to *only* address the concerns outlined in this order.

CONCLUSION

For the reasons set forth above, IT IS HEREBY ORDERED that:

1. Plaintiff's motion to amend (ECF No. 34) is DENIED.
2. Defendant's motion to modify and stay discovery (ECF No. 41) is GRANTED IN PART, and the settlement conference currently set for November 10, 2020 is VACATED.
3. The hearing currently set for October 22, 2020, on defendant's motion for summary judgment is VACATED and RESET for November 12, 2020, at 10:00 a.m.

4. If plaintiff intends to file a renewed motion to amend, or other motions, they are to be filed by October 15, 2020, with further deadlines as set forth above.

Dated: October 1, 2020

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE

1692.amend