PHILLIP A. TALBERT
Acting United States Attorney
BRODIE M. BUTLAND (SBN 0084441)
Assistant United States Attorney
2500 Tulare Street, Suite 4401
Fresno, CA  93721
Telephone: (559) 497-4000
Facsimile: (559) 497-4099

Attorneys for Defendant

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULVINDER SINGH,<br><br>                  Plaintiff,<br><br>      v.<br><br>TAMI PERRIELLO, Administrator, U.S. Small Business Administration,<br><br>                  Defendant. | Case No. 2:19-cv-01692-KJN PS<br><br>**STIPULATION AND PROPOSED PROTECTIVE ORDER** |

Plaintiff Kulvinder Singh and Defendant Tami Perriello, Administrator, U.S. Small Business Administration, hereby stipulate to and request that the Court enter the Proposed Order attached as Exhibit A to facilitate the discovery and exchange of information protected by the Privacy Act of 1974, 5 U.S.C. § 552a, including the exchange of trial exhibits.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

1                                       Respectfully submitted,

2

3   Dated:  March 8, 2021                 /s/  Kulvinder Singh (per email consent 3/8/21)

4                                  KULVINDER SINGH
                                  Plaintiff, pro se

5

6

7   Dated:  March 8, 2021                PHILLIP A. TALBERT
                                  Acting United States Attorney

8

9                                /s/  Brodie M. Butland

10                                BRODIE M. BUTLAND
                                Assistant U.S. Attorney
                                Attorney for Defendant

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KULVINDER SINGH,<br><br>                  Plaintiff,<br><br>    v.<br><br>JOVITA CARRANZA, Administrator, U.S.<br>Small Business Administration,<br><br>               Defendant. | Case No. 2:19-cv-01692-KJN PS<br><br>**[PROPOSED] PROTECTIVE ORDER** |

The parties having stipulated to the entry of a Protective Order under Rule 26(c) of the Federal Rules of Civil Procedure and it appearing that such an Order is necessary and appropriate and will facilitate the pre-trial exchange of documents and information, including discovery and trial exhibits, as well as the use of confidential information for this case, IT IS HEREBY ORDERED that:

Any documents, responses, electronic data, transcripts or other information, including responses to discovery, which contain information protected by the Privacy Act of 1974, 5 U.S.C. § 552(a), and which are produced or provided to Plaintiff by Defendant in connection with this litigation, are designated as "Confidential Information" subject to the provisions of this Order.

Documents and information designated as Confidential Information in accordance with this Order shall be used solely for the purpose of this action (including any appeals), and those documents and information, and any information contained therein or reasonably inferred therefrom, shall not be disclosed (other than in court proceedings for this action) to any person other than:

(1) counsel of record in this case;

(2) Magistrate and District Court Judges assigned to this action and court staff (including jurors);

(3) Plaintiff Kulvinder Singh and his counsel (if any); and

(4) witnesses in deposition or at trial who are asked to give testimony as to the Confidential Information or the contents of a document that includes Confidential Information, provided, however, that (a) a Party shall only show a witness Confidential Information if doing so is

reasonably likely to facilitate obtaining discoverable and relevant information; (b) prior to being shown any information containing Confidential Information, the witness must be notified of this Protective Order and must agree to follow its terms under penalty of judicial sanctions (including contempt of Court), which agreement the witness must memorialize either by stating his or her agreement on the record at the deposition or trial proceeding, or by executing a signed writing stating his or her agreement; and (c) the portion of the testimony concerning the Confidential Information, and any documents marked as exhibits that contain such Confidential Information, shall themselves be designed as Confidential Information and deemed subject to this Protective Order.

The parties, including their counsel, may use Confidential Information pursuant to this Order solely for litigation in this matter, including motion practice, trial preparation, trial of this action, and any appeals, provided that they comply with all requirements for redaction and filing under seal as further specified below. Confidential Information disclosed to any such person shall not be disclosed by him/her to any other person except as permitted in this paragraph.

All Confidential Information produced by Defendant to Plaintiff shall be maintained in Plaintiff's office (or, if Plaintiff subsequently retains counsel, the office of Plaintiff's counsel of record), and shall not be removed from the office or copied except as necessary for the prosecution of this action or any resulting appeal. The parties shall comply with the provisions of Local Rules 140 and 141 with respect to redactions of documents containing Confidential Information and any requests to file documents containing Confidential Information under seal.

Within sixty (60) days after the final termination of this action, including appeals, Plaintiff (and, if applicable, Plaintiff's counsel) shall (a) destroy or return to opposing counsel all originals and any copies of confidential documents or documents reflecting Confidential Information; and (b) certify in writing that the provisions of this paragraph have been complied with. Notwithstanding this provision, Plaintiff and/or Plaintiff's counsel are entitled to retain an archival copy of all pleadings, motion papers, trial, deposition, and hearing transcripts, legal memoranda, correspondence, deposition and trial exhibits, expert reports, attorney work product, and consultant and expert work product, even if such materials contain Confidential Information. Any such archival copies that contain or constitute Confidential

Information shall remain subject to this Protective Order.

Nothing contained in this Order, nor any action taken in compliance with it shall operate as an admission or assertion by any witness or person or entity producing documents that any particular document or information is, or is not, admissible in evidence.

Nothing herein constitutes or may be interpreted as a waiver by any party of the attorney-client privilege, the attorney work product privilege, or any other privilege.

The provisions of this Order shall apply to all Confidential Information as set forth in this Order, but shall not apply to information that is in the public domain or becomes part of the public domain after its disclosure as a result of publication not involving a violation of this order, including becoming a part of the public record through trial or otherwise.

Nothing in this Order shall prevent any party from using or disclosing their own documents or information, regardless of whether they are designated confidential.

**IT IS SO ORDERED.**

Dated:  March 9, 2021

_____
KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE